COMMONWEALTH of Pennsylvania, Petitioner,

v.

**Randy James HOUCK, Respondent.**

Supreme Court of Pennsylvania.

Sept. 19, 2007.

## *ORDER*

PER CURIAM.

**AND NOW,** this 19th day of September, 2007, the Petition for Allowance of Appeal is **GRANTED.** The issue is set forth below and is rephrased for clarity:

(1) Whether the Superior Court erred in concluding that Defendant was entitled to re-sentencing based on the fact that, during the jury waiver colloquy, the trial court recited a maximum possible sentence that was less than the sentence actually imposed?

COMMONWEALTH of Pennsylvania, Petitioner,

v.

**Jennifer Ann FEDOREK, Respondent.**

Supreme Court of Pennsylvania.

Sept. 26, 2007.

## *ORDER*

PER CURIAM.

**AND NOW,** this 26th day of September, 2007, the Petition for Allowance of Appeal is **GRANTED.** The issues, as stated by petitioner, are:

(1) Whether a divided *en banc* panel of the Superior Court erred in interpreting the statutory definition of disorderly conduct, graded as a misdemeanor of the third degree; 18 Pa.C.S. § 5505(b), as requiring the Commonwealth to prove that the harm or inconvenience resulting from the conduct of the accused be a "substantial public harm" or a "substantial public inconvenience" despite the absence of this requirement in the plain language of the statute?

(2) Whether a divided *en banc* panel of the Superior Court erred in reversing a judgment of sentence imposed on a disorderly conduct conviction by a jury where the Commonwealth introduced evidence at trial demonstrating that the defendant-Fedorek intended to cause substantial harm or serious inconvenience to the victim-Dennis Scott Martin?